Railroad v. Shelton.

CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RAILWAY
COMPANY *v.* JOHN SHELTON.

(*Knoxville.*    September Term, 1910.)

COSTS. Plaintiff recovering smaller judgment in circuit court than
before the justice is the successful party entitled to full costs,
when.

A plaintiff, upon the defendant's appeal, recovering a judgment in
the circuit court for a smaller sum than he recovered before the
justice of the peace, is the successful party within the meaning
of the statute (Shannon's Code, sec. 4938), and as such is en-
titled to full costs, especially where the defendant nowhere con-
ceded his liability to the plaintiff, but defended against his lia-
bility, and resisted plaintiff's recovery in both courts. The stat-
ute (Shannon's Code, sec. 4962), providing that, in cases not em-
braced within the express provisions of the law, the court may
make such disposition of the costs as, in its sound discretion,
may seem right, is inapplicable.

Code cited and construed:. Secs. 4938, 4962 (S.); secs. 3921, 3945
(M. & V.); secs. 3197, 3220 (T. & S. and 1858).

Case cited and approved: Gist v. Webb, 1 Cold., 518.

Case cited and overruled: Garrison v. Trotter, 114 Tenn., 526.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton
County to the Court of Civil Appeals, and by *certiorari*
from the Court of Civil Appeals to the Supreme Court.
M. M. ALLISON, Judge.

Vol. 123—33

T. C. LATIMORE and A. F. FRAZIER, for plaintiff in error.

PRITCHARD & SIZER, for defendant in error.

PER CURIAM.

The suit began in a justice of the peace court, where a judgment was rendered in favor of the defendant in error for $300, from which an appeal was taken to the circuit court by plaintiff in error. The trial in that court resulted in a verdict and judgment for $125. The cause was taken to the court of civil appeals, where the action of the trial court was affirmed. The only error assigned is upon the action of the latter court in declining to exercise its discretion, under the authority of section 4962 of Shannon's Code, which provides that, in cases not embraced within the express provisions of the law, "the court may make such disposition of the costs as in its sound discretion may seem right."

This assignment cannot be sustained. The record shows that nowhere, nor at any time, did plaintiff in error concede its liability to the defendant in error. In the magistrate's court it defended against the claim as there prosecuted, and in the circuit court, where the warrant was amended, it equally resisted recovery. In this condition of the record, we are satisfied that the plaintiff below, the defendant in error here, was the successful party within the terms of section 4938 of Shannon's Code, and as such was entitled to full costs. *Gist* v. *Webb,* 1 Cold., 518.

Railroad v. Shelton.

In the late case of *Garrison* v. *Trotter,* 114 Tenn., 526, 86 S. W., 1078, the holding in *Gist* v. *Webb* was overlooked, and the ruling then was to the contrary. The earlier case, however, we think announces the sounder view, and should be adhered to.

The judgment is therefore affirmed.