IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION

JACKSON. APRIL TERM, 1916.

B. M. Perkins *v.* B. M. Brown.

*(Jackson.* April Term, 1916.)

COSTS. On appeal. Expense of bill of exceptions. Unnecessary matter. "Full costs."

Where a successful appellant in an action at law, by violating supreme court rule 2 (126 Tenn. 716, 160 S. W. vii), requiring bills of exception to state testimony in narrative and concise form, increased materially the size of the transcript, he should pay one-half of the appeal costs, notwithstanding the rule that in actions at law the successful party is entitled to recover full costs, since "full costs" do not include costs so added.

Cases cited and approved: Perkins v. Brown, 132 Tenn., 294; Cincinnati, etc., R. Co. v. Shelton, 123 Tenn., 513.

---

FROM SHELBY

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the

135 Tenn.]                    (140)

Court of Civil Appeals from the Supreme Court.—J. P. YOUNG, Judge.

W. P. BIGGS, for plaintiff in error.

WILSON & ARMSTRONG, for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

A motion to retax the costs accruing on the appeal has been made in this case, which was disposed of at the last term; the opinion being reported in 132 Tenn., 294, 177 S. W., 1158, L. R. A., 1915F, 723.

In the original judgment all the costs of the appeal were ordered to be paid by Brown, the appellee and losing party, and in favor of Perkins. The motion to retax proceeds upon the ground that in preparing the bill of exceptions, the attorney of Perkins did not for him obey the rule of this court in respect thereto, and that the failure greatly and needlessly increased the size of the transcript on appeal. The rule referred to is as follows:

"Counsel in the preparation of bills of exceptions in the trial court, in all cases, shall state the testimony of witnesses in narrative form, omitting therefrom all that is immaterial or which is no longer controverted or does not bear upon any ground assigned in the trial court for a new trial. The questions asked witnesses and answers made must not be given, unless the effect of the testimony cannot otherwise be made to clearly appear, in which case it may be done.

''The object of this rule is to save costs to litigants and facilitate the investigation of the record by the court.'' Rule 2 (126 Tenn., 716, 160 S. W., vii).

It appears that, had the rule been complied with, the size of the transcript would have been very materially reduced.

Is the appellee, the losing party, to be onerated with the payment of this excess cost?

He is not. Notwithstanding the rule that in actions at law, the successful party is entitled to recover full costs (*Cincinnati, etc., R. Co.* v. *Shelton*, 123 Tenn. 513, 130 S. W., 843), he may not by thus ignoring this court rule cause unnecessary costs to accrue and prevail on a claim to recover same. ''Full costs'' does not include costs so added. They are not legitimate, recoverable costs in behalf of the appellant, on whom falls the burden of saving and preparing the bill of exceptions as the groundwork of his appeal. Had the appellant lost, we would tax the transcript cost to him, but when his counsel saw fit to proceed in open disregard of a rule that was promulgated for the very purpose of saving costs to all parties, there was forfeited the right to have the same, at least so far as unnecessarily imposed, taxed against his opponent.

The motion is allowed, and one-half of the costs of the appeal will be paid by the prevailing appellant.

What is here ruled is not to be deemed to bind us not to disallow, in future cases, the entire costs of transcripts so prepared, should attorneys, practicing at the bar of this court, persist in ignoring the rule quoted above.