SOUTHERN RY. Co. *v.* C. C. WILLIAMS.*

(*Knoxville.* September Term, 1918.)

1. **JUDGMENT. Full faith and credit. Want of Jurisdiction.**
A judgment of a court of another state is not entitled to full faith and credit, under Constitution U. S. article 4, section 1, if void for lack of jurisdiction. (*Post, pp.* 49-54.)

Cases cited and approved: Vorhees v. Bank, 10 Pet., 449; Miller v. White, 76 Am. St. Rep., 805; Earthman v. Jones, 10 Tenn., 484.

Cases cited and distinguished: Paper Co. v. Shyer, 108 Tenn., 453; Pennoyer v. Neff, 95 U. S., 724; Cooper v. Reynolds, 77 U. S. (15 Wall.), 308; Brown v. Brown, 34 Tenn., 432.

Constitution cited and construed: Art. 4, sec. 1

2. **GARNISHMENT. Validity. Collateral attack.**
In a suit to recover wages, a judgment of garnishment, rendered in another State, may be collaterally attacked, if void. (*Post, pp.* 49-54.)

3. **CONSTITUTIONAL LAW. Due process. Attachment.**
Where debtor's wages were attached and impounded in another State, and judgment rendered against him, without actual or constructive service in accordance with the laws of that State, the court acquired jurisdiction, and defendant was not denied due process of law, under Constitution U. S. Amendment 14, section 1. (*Post, pp.* 49-54.)

4. **COSTS. Allowance. Parties entitled.**
Where plaintiff was successful in the justice court, circuit court, and court of civil appeals, and the defendant in the supreme court secured reduction to the amount of liability admitted, *held,* that the defendant should pay the justice court costs, and the plaintiff the costs of appeal and of circuit court, although the question of legal tender by defendant was doubtful. (*Post, p.* 54.)

---

*Authorities discussing the question as to garnishment of judgment rendered in another state, are collated in a note in 43 L. R. A. (N. S.), 531.

Southern Ry. Co. v. Williams.

Cases cited and approved: C., N. O. & T. P. Ry. Co., v. Shelton, 123 Tenn., 513.

5. **APPEAL AND ERROR.** Review. Intermediate courts. Failure to appeal.

Where a questionn was decided adversely to the defendant in error by the court of civil appeals, he is bound thereby, where he has not brought the case to the supreme court by *certiorari*. (*Post, p.* 54.)

Cases cited and approved: McKay v. Railroad, 133 Tenn., 595.

---

## FROM CARTER.

---

Error to the Circuit Court of Carter County.—Hon. DANA HARMON, Judge.

MILLER, SEILER & HUNTER, for appellant.

ALLEN & CLARK, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The defendant in error, C. C. Williams, sued the plaintiff in error, Southern Railway Company, before a justice of the peace of Carter county, Tenn., and recovered a judgment for $25.13; same being for wages due him. This judgment was affirmed by the circuit court and by the court of civil appeals.

The railway company admitted that the defendant in error earned that sum as wages, but defended the suit on the graund that $16.85 of said wages was garnisheed in its hands, for which judgment was rendered against

it as garnishee by a court proceeding in Virginia. The $25.13, less the amount of the said Virginia judgment, was paid into court as a tender.

Williams was a resident of Tennessee, but worked for the railway company in Virginia with a bridge gang, and his wages were payable in Virginia.

J. B. Denton & Co., a firm engaged in the mercantile business in Bristol, Tenn., though the members of the firm resided in Bristol, Va., instituted a suit before a magistrate in Bristol, Va., to recover an alleged account of $13.75, which they claimed Williams owed them, and an attachment was prayed on the ground that Williams was a nonresident of that State. This attachment was levied by garnishment on the plaintiff in error, which answered that is was indebted to Williams in the sum of $25.13. Thereupon judgment was rendered against the railway company for $16.85, which included $3.10 costs. The railway company admits that Williams was not summoned by a service of process; that no order of publication was made in said case requiring him to appear; that Williams had no notice of said suit and did not know that his wages had been attached.

The record shows that the proceeding was regular according to the attachment laws of Virginia, and that, according to the Virginia statute, where the debt sued for is less than $20, it is expressly provided that it is not necessary to give the defendant notice of the suit by summons, publication, or otherwise.

The Virginia judgment being regular, according to the statutes of that State, the railway company insists that it is entitled to full faith and credit in this State,

as provided by article 4, section 1, of the United States Constitution.

On the other hand, the defendant in error, Williams, insists that, since there was no personal service of process on him, nor publication made, he was denied his day in court, and invokes article 14, section 1, of the federal Constitution, which provides that no man shall be deprived of his property without due process of law; his contention being that, for the reason stated, 'the Virginia court was without jurisdiction, that its judgment was void, and that he has a right to attack it collaterally in this proceeding.

If the court were without jurisdiction, then there can be no question but that the defendant in error has a right to question same in this proceeding. This question is fully considered and adjudicated in *Paper Co.* v. *Shyer,* 108 Tenn. 453. 456, 67 S. W., 856, 58 L. R. A. 173. If the court had jurisdiction, then its judgment is entitled to full faith and credit. If it were without jurisdiction, then its judgment is void.

In *Paper Co.* v. *Shyer,* supra, 108 Tenn., on page 453, 67 S. W., 858 (58 L. R. A., 173), the court quotes approvingly from *Boswell* v. *Otis,* (U. S.) 9 How., 348, 13 L. Ed., 164, as follows:

"When the record of a judgment is brought before the court, collaterally or otherwise, it is always proper to inquire whether the court rendering the judgment had jurisdiction. Jurisdiction is acquired in one of two ways: First, as against the person of the defendant, by service of process; or, secondly, by a procedure against the property of the defendant, within the jurisdiction of

141 Tenn.—4

the court. In the latter case, the defendant is not personally bound by the judgment beyond the property in question; and it is immaterial whether the proceeding against the property be by attachment or bill in chancery.''

It is patent, therefore, that the court did not acquire jurisdiction against the person of the defendant by a service of process. Then did it acquire jurisdiction by a procedure against the property of the defendant within the jurisdiction of the court?

Under the authority of *Paper Co.* v. *Shyer,* supra, which is supported by practically all the modern authorities, there can be no question but what the proceeding in the Virginia court would have been valid, had there been a constructive notice by publication. The property was within the jurisdiction of the court, and was impounded by attachment, as provided by the Virginia statute. The statute was strictly followed, but it did not provide for notice by publication. Was the court without jurisdiction, because no publication was provided for and made? In other words, what is it that gives the court jurisdiction in such a case? Is it the publication, or the seizing of the property by attachment, or does it take both the publication and the seizing of the property to confer jurisdiction upon the court?

All of the authorities, including *Paper Co.* v. *Shyer,* supra, hold that the publication alone does not confer jurisdiction. They also hold that the attachment and the publication combined only confer jurisdiction to the extent of the value of the property impounded. It therefore follows that the one thing that confers jurisdiction upon the court is the seizing of the property,

and hence publication is not necessary to make the statute valid. Where the statute provides for publication, it, of course, should be made. But even if it provides for publication, and publication is not made, the judgment cannot be collaterally attacked. The seizure of the property is the notice required by the due process clause, and this is based upon the idea that "The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale." *Pennoyer* v. *Neff,* 85 U. S., 724, 24 L. Ed., 570.

A case directly in point is *Cooper* v. *Reynolds,* 77 U. S. (10 Wall.), 308, 19 L. Ed., 931. This was a proceeding had in Tennessee, in which the property of a nonresident was attached. The affidavit upon which the attachment was issued was defective, and there was no publication of notice as required by the Tennessee statute. It was held that the court had jurisdiction, and that the judgment could not be collaterally attacked on account of the defective affidavit, and because no publication had been made. The court, speaking through Mr. Justice MILLER (77 U. S. [10 Wall.], on page 319, 19 L. Ed., on page 933), says:

"Now, in this class of cases, on what does the jurisdiction of the court depend? It seems to us that the seizure of the property, or that which, in this case, is the same in effect, the levy of the writ of attachment on it, is the one essential requisite to jurisdiction, as it unquestionably is in proceedings purely *in rem.* Without this, the

court can proceed no further; with it the court can proceed to subject that property to the demand of plaintiff. If the writ of attachment is the lawful writ of the court, issued in proper form under the seal of the court, and if it is by the proper officer levied upon property liable to the attachment, when such a writ is returned into court, the power of the court over the *res* is established. The affidavit is the preliminary to issuing the writ. It may be a defective affidavit, or possibly the officer whose duty it is to issue the writ may have failed in some manner to observe all the requisite formalities; but, the writ being issued and levied, the affidavit has served its purpose, and, though a revisory court might see in some such departure from the strict direction of the statute sufficient error to reverse the judgment, we are unable to see how that can deprive the court of the jurisdiction acquired by the writ levied upon defendant's property.

"So, also, of the publication of notice. It is the duty of the court to order such publication, and to see that it has been properly made, and, undoubtedly, if there has been no such publication, a court of errors might reverse the judgment.

"But when the writ has been issued, the property seized, and that property been condemned and sold, we cannot hold that the court had no jurisdiction for want of a sufficient publication of notice."

This case is approved in *Pennoyer* v. *Neff,* supra.

In *Voorhees* v. *Bank,* 10 Pet., 449, L. Ed., 490, the defendant held land under attachment proceedings against a nonresident, who had never been served with process or appeared in the case. No affidavit was pro-

duced, nor publication of notice, nor appraisement of the property; but it was condemned and sold without waiting twelve months from the return of the writ, and without calling him at three different terms of the court, all of which are specially required by the act regulating the proceedings in Ohio, where they were had. This court held that there was sufficient evidence of jurisdiction in the court which rendered the judgment notwithstanding the defects we have mentioned, and that they were not fatal in a collateral proceeding.

In the monographic note to *Miller* v. *White*, 76 Am. St. Rep., 805, many authorities are cited in support of this holding.

This doctrine seems to have been recognized by this court in the case of *Paper Co.* v. *Shyer,* supra. The court (108 Tenn. on page 452, 67 S. W., 858 [58 L. R. A., 173]), in speaking of the property attached, says:

"It stands in his place before the court just as it stands for his debt, to the extent of its selling value, and no further; that the property's representation of its owner can be no larger or greater than itself, and is measured by its own pecuniary capacity; that its symbolical or legal presence affords him his day in court to that extent, and for the purposes of the appropriation of the property, but not otherwise."

And in *Brown* v. *Brown,* 2 Sneed, 432, the court says:

"But the process of attachment, authorized by law, may be the foundation of a judgment, deemed valid in the State where it is rendered, and, being a proceeding *in rem,* its effect is to subject the property attached to a judicial sale for the satisfaction of the plaintiff's demand."

The case of *Earthman* v. *Jones,* 2 Yerg., 484, relied upon by the defendant in error, is a well-considered case, but not at all in point.

The court of civil appeals and the circuit court rendered a judgment in favor of the defendant in error for the full amount sued for, and declined to allow the plaintiff in error credit for the $16.85, which it had to pay out on account of the Virginia judgment, and in this they were in error, and their judgment will be modified to the extent of allowing the plaintiff in error credit for said sum of $16.85.

The question of a legal tender is doubtful. However, the agreed statement of facts shown that the plaintiff in error admitted a liability of $8.28, which we have adjudged to be all that defendant in error is entitled to recover in this case. This being true, we think the defendant in error should pay the costs of the appeal, and the costs of the circuit court. *C., N. O. & T. P. Ry. Co.* v. *John Shelton,* 123 Tenn., 513, 130 S. W., 843.

The plaintiff in error will pay the costs accrued in the justice of the peace court. A judgment may be entered in accordance with this opinion.

The defendant in error insists that the bill of exceptions and the appeal bond were not filed within the time provided by the judgment entered in this case in the circuit court, and for that reason the appeal of the plaintiff in error should be dismissed.

This question was decided adversely to the defendant in error by the court of civil appeals, and he has not brought the case to this court by a writ of *certiorari,* and is therefore bound by the decree in the court of civil appeals, and this question is not before us, and cannot be considered by us. *McKay* v. *Railroad,* 133 Tenn., 595, 182 S. W., 874.