ELIZA C. ROBERTS *et al. v.* S. E. FROGGE *et al.*

(*Nashville.* December Term, 1923.)

1. **EQUITY.** Bill to divest title and enforce trust property brought in county where land lay.

Under Code 1858, section 4311, a bill against nonresidents to divest the title to land and enforce a resulting trust relating to realty was within the jurisdiction of the chancery court of the county in which the land lay. (*Post, p.* 186.)

2. **VENUE.** Suits against nonresidents without service of process are local actions.

Suits against nonresidents without service of process, upon seizure of property and publication are necessarily local actions and *quasi in rem*, and are only effective because of the power of the court to deal with property seized, and must be brought in the court having jurisdiction of the property. (*Post, p.* 186.)

Cases cited and approved: Roper v. Roper, 3 Tenn., Ch., 53; Paper Co. v. Shyer, 108 Tenn., 444.

Code cited and construed: Sec. 4311 (1858).

3. **EQUITY.** Chancery not confined to decrees in personam.

In view of Code 1858, sections 4352, 4484, dispensing with personal service on defendant when a nonresident and authorizing chancery to divest title to property out of parties, chancery is not confined in the exercise of its jurisdiction to decrees in *personam*. (*Post, pp.* 186, 187.)

Code cited and construed: Secs. 4352, 4484 (1858).

4. **JUDGMENT.** Decree enforcing resulting trust binding on nonresidents.

Since, under Code 1858, section 4311, a bill to divest title to property and to enforce a resulting trust relating to land brings the property within grasp of the court as effectively as if attachment had

issued, decree rendered therein was binding on defendants proceeded against as nonresidents, in so far as the land was concerned. (*Post, pp.* 187-190.)

Cases cited and approved: Southern Railway Co. v. Williams, 141 Tenn., 46; Willis v. Mann Const. Co., 145 Tenn., 318 August & Bing v. Seeskind, 46 Tenn., 166; Brooks v. Gibson, 75 Tenn., 271; Kyle v. Phillips, 65 Tenn., 43; Cowan, McClung & Co. v. Dunn, 69 Tenn., 68; Jordan v. Everett, 93 Tenn., 390; Ray v. Haag, 1 Tenn. Ch. App., 249; McKeldin v. Gouldy, 91 Tenn., 677; Templeton v. Mason, 107 Tenn., 625; Boro v. Heidel, 122 Tenn., 80; McCammon v. Pettitt, 35 Tenn., 242.

Code cited and construed: Secs. 4283-4288 (1858).

5. **JUDGMENT.** D**ecree enforcing resulting trust not collaterally attacked.**

Decree rendered in 1859, enforcing resulting trust in land and divesting title, *held* not subject to collateral attack in ejectment. (*Post, p.* 190.)

Cases cited and approved: Wilkins v. McCorkle, 112 Tenn., 688; Puckett v. Wynns, 132 Tenn., 513.

---

FROM FENTRESS.

---

Appeal from the Chancery Court of Fentress County.— HON. W. R. OFFICER, Chancellor.

C. K. McBROOM and WARD R. CASE, for appellants.

J. T. WHEELER and JAS A. FOWLER, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is an ejectment suit brought by the heirs of one G. W. Kerr to recover lands in Fentress county. The bill was dismissed by the chancellor, and the complainants have appealed to this court.

Complainants claim under grant No. 6419, issued by the State of Tennessee October 11, 1838, to G. W. Kerr, based on Fentress county entry No. 508, dated April 1, 1830.

The defendants answered, and set up several defenses, only one of which it will be necessary to consider. They pleaded by way of estoppel, setting up an outstanding title, a decree of the chancery court of Fentress county, rendered at the April term of that court, 1859, in the case of *Orion Clemens* v. *Geo. W. Kerr et al.*

The said decree is as follows: "Be it remembered that the above cause came on to be heard before the chancellor upon the bill of complainants, and orders for confessed, when it appeared that in April, 1830, John M. Clemens, the father of the complainants, made an entry for five thousand acres of land in the county of Fentress, and in October, 1838, obtained a grant therefor from the State of Tennessee, which grant is known by its number, 6419; that the grant was issued in the name of George W. Kerr, the father of the defendants, and upon his death the legal title was vested in the defendants, his heirs; that John M. Clemens, the father of complainants, paid all of the consideration money for said land; whereupon the court is of opinion that there is a resulting trust to the complainants for said land, and it is ordered and decreed that

all of the right and title of the said defendants to said tract of land be divested out of the defendants and vested in the complainants as heirs of John M. Clemens, deceased; and that the complainants pay the costs of this suit, and let execution issue for same, and it is so ordered."

On the next day after the entry of the foregoing decree another decree was entered in the same cause, setting out a description of the land by metes and bounds, the same as in grant No. 6419, and directing that this description constitute a part of the final decree in the cause.

The papers in the case of *Clemens* v. *Kerr*, could not be found, but the rule docket showed that publication was made for the defendants in the Cookeville Times, a newspaper published in Cookeville, Tenn. It also appeared that a *pro confesso* was duly taken against the defendants. There was nothing to indicate the issuance or service of personal process on defendants or any appearance by the defendants.

It is contended for the complainants that the aforesaid decree in the case of *Clemens* v. *Kerr* was ineffectual, because it is said the court did not have jurisdiction of either the subject-matter of the litigation or of the parties.

Although the Code of 1858 had not been enacted when the bill in this cause was filed, numerous statutes had been passed, regulating the jurisdiction of the chancery court, and the law as it existed at the time of this suit is quite accurately reduced in the Code of 1858, and we may therefore, for the purposes of this opinion, look to the provisions of the Code of 1858, without reference to the statutes from which it was drawn.

The section and subsections of the Code necessary to be considered are as follows:

"4311. The local jurisdiction of the court of chancery is, also, subject to the following rules:

"1. The bill may be filed in the chancery district in which the defendant or a material defendant resides; and if, upon inquiry at his residence, he is not to be found, he may be proceeded against by publication or judicial attachment, as herein provided.

"2. Bills seeking to divest or clear up the title to land, or to enforce the specific execution of contracts relating to realty, may be filed in the district in which the land or any material part of it lies. . . . .

"4. Bills against nonresidents, or persons whose names or residences are unknown, may be filed in the district in which the cause of action arose, or the act on which the suit is predicated was to be performed, or in which the subject of the suit or any material part thereof is."

It would seem that the bill in *Clemens* v. *Kerr* was properly cognizable in the chancery court of Fentress county under subsection 2, quoted above. It was a bill to "divest . . . the title to land," and was a bill "to enforce the specific execution" of an implied contract relating to realty. Such a bill was therefore properly filed in the district in which the land lay.

So far as residents of the State were involved, under the Code of 1858, we think a bill like this one might have been filed either in the county in which the land lay or under subsection 1, quoted above, in the county in which the defendant or a material defendant resided. *Roper* v. *Roper,* 3 Tenn., Ch., 53.

Complainants refer to many authorities to the effect that a suit to set up a resulting trust is a transitory ac-

tion. Properly understood we think these cases mostly declare that such a suit may be brought in a court having jurisdiction of the defendant, and that jurisdiction is not restricted to the courts of the county or district where the land is situated. By the very language of the Code of 1858 such a suit in Tennessee might have been brought in the district where the land lay or in the district where the defendant resided.

The defendants, however, in this case were nonresidents, and the proceedings against them were regulated by subsection 4 above quoted, and must have been brought in the district "in which the subject of the suit or any material part thereof" was situated. A suit against a nonresident, without the service of process, upon seizure of property and publication, no matter what its nature, is necessarily a local action. It is a suit *quasi in rem*. *Paper Co.* v. *Shyer,* 108 Tenn., 444, 67 S. W., 856, 58 L. R. A., 173. It is only effective by reason of the power of the court to deal with the property seized. It must therefore be brought in a court that has jurisdiction of the property, and is able to lay hold of it and decree its *status*.

In Tennessee the chancery court is not confined in the exercise of its jurisdiction to decrees *in personam*. By section 4484, of the Code of 1858, the chancery court is expressly authorized to "divest the title to property, real or personal, out of any of the parties, and vest it in others, and such decree shall have all the force and effect of a conveyance by such parties, executed in due form of law."

Moreover, by section 4352, of the Code of 1858, personal service of process on a defendant in the court of chancery is dispensed with "when the defendant is a nonresident of

the State." As will more fully appear from authorities hereinafter discussed, the chancery court in this State has full jurisdiction to entertain actions similar to this one as proceedings in nature of suits *in rem*.

We are of opinion, therefore, that the chancery court of Fentress county beyond all question under our laws had jurisdiction of the subject-matter in *Clemens* v. *Kerr*. Nor do we doubt that the court in that case had jurisdiction of the parties sufficient to authorize the rendition of the decree involved.

In *Paper Co.* v. *Shyer*, supra, this court undertook a full discussion of the matter of procedure against nonresidents upon publication. Our own cases and the decisions of the supreme court of the United States, and the effect of the Fourteenth Amendment to the Constitution of the United States, were considered at length, and we could add nothing to what was there said. It was shown in that case that the courts of a State have full authority to proceed against a nonresident, upon seizure of his property within the State and publication, and that such nonresident may be bound in such proceedings so far as his property within such State is concerned, but no further.

It must be conceded upon the authority of *Paper Co.* v. *Shyer, supra,* and other cases mentioned, that if an attachment had been issued in *Clemons* v. *Kerr,* and had been levied upon the property here involved, then, after publication and due procedure, a decree could have been passed binding the interests of defendants in this land.

The jurisdiction of the court to make such a decree depended upon the seizure of the property. *Southern Railway Co.* v. *Williams,* 141 Tenn., 46, 206 S. W., 186. If the

property was impounded by other process, the decree was just as effectual. In a case such as *Clemens* v. *Kerr* in the chancery court in Tennessee the property described is impounded from the filing of the bill as fully as if an attachment had been levied, and the latter writ is not necessary.

We considered this question in *Willis* v. *Mann Const. Co.*, 145 Tenn., 318, 236 S. W., 282, and there concluded that, when a bill is filed to reach property, invoking the inherent jurisdiction of equity, or the jurisdiction as extended by sections 4283-4288, of the Code of 1858, a lien is fixed on the property by the filing of the bill. Owing to the length of the opinion in *Willis* v. *Mann Const. Co.*, the decisions upon which this conclusion rested were not passed in review in that case, but they are abundant, and fully sustain the conclusion reached.

A bill to set aside a fraudulent conveyance and to subject property to the demands of a creditor fastens a lien on such property from the filing of the bill, and such lien is superior to the lien of a subsequent attachment. *August & Bing* v. *Seeskind,* 46 Tenn. (6 Cold.), 166; *Brooks* v. *Gibson*, 75 Tenn. (7 Lea), 271. This was true as to such a bill by a judgment creditor prior to the enactment of chapter 11 of the act of 1832 carried into the Code of 1858 at section 4283 et seq. *Peacock* v. *Tompkins,* Meigs (19 Tenn.), 317.

A bill to enforce a vendor's lien impounds the property sought to be reached from the filing of such bill. *Kyle* v. *Phillips,* 65 Tenn. (6 Baxt.), 43.

A bill by a judgment creditor upon a *nulla bona* return to appropriate specific personal property to the satisfaction of his judgment fixes a lien upon the property from

the filing of such bill. *Cowan, McClung & Co.* v. *Dunn,* 69 Tenn. (1 Lea), 68.

A bill to subject a married woman's separate estate which she has bound for the payment of a note fixes a lien upon this estate from the filing of such bill. *Jordan* v. *Everett,* 93 Tenn., 39 Tenn., 390, 24 S. W., 1128.

A bill to remove cloud from title to land brings such land within the jurisdiction of the court from the filing of such bill. *Ray* v. *Haag,* 1 Tenn. Ch. App., 249. See, also, *McKeldin* v. *Gouldy,* 91 Tenn., 677, 20 S. W., 231; *Templeton* v. *Mason,* 107 Tenn., 625, 65 S. W., 25; *Boro* v. *Heidel,* 122 Tenn., 80, 120 S. W., 961, 135 Am. St. Rep., 857.

Such a lien is fixed upon property so involved, whether the bill be filed under the act of 1832, enlarging the jurisdiction of the chancery court, or whether the original or inherent jurisdiction of the chancery court merely is invoked. *Peacock* v. *Tompkins,* supra; *Cowan, McClung & Co.* v. *Dunn,* supra; *Brooks* v. *Gibson,* supra; *Jordan* v. *Everett,* supra.

The bill to set up a resulting trust in *Clemens* v. *Kerr* clearly invoked the inherent jurisdiction of equity. Such bills are said to have been matters of everyday occurrence in courts of chancery in *McCammon* v. *Pettitt,* 35 Tenn. (3 Sneed), 242.

In *Jordan* v. *Everett,* supra, speaking of these cases, it was said: "The proceeding is in the nature of a proceeding *in rem* to subject the specific property mentioned in the bill to the payment of the debt sued on, and is notice to the world of these facts, and creates a lien *lis pendens.* In such case, no affidavit to the bill, no judgment at law,

Roberts v. Frogge.

no attachment or injunction, are necessary to fix the lien."

Bills of the nature under consideration which describe the property bring such property completely within the grasp of the court. In the cases above cited the court dealt with the property just as fully as could have been done had an attachment been levied. An attachment was superfluous in these cases. Nothing was left exposed or at large after such bills were filed which an attachment could have reached. In some of the cases attachments thereafter levied were held ineffective. The property involved was securely impounded by the bills.

So it follows, since the court in *Clemens* v. *Kerr* had obtained jurisdiction of the land upon the filing of the bill, the decree was binding upon the defendants proceeded against as nonresidents in so far as the land was concerned.

Some objections are made to the regularity of the proceedings in *Clemens* v. *Kerr*. These matters we have considered, but do not think they require discussion. The decree rendered in *Clemens* v. *Kerr* is not subject to such collateral attacks under the authority of *Wilkins* v. *McCorkle*, 112 Tenn., 688, 80 S. W., 834, and *Puckett* v. *Wynns*, 132 Tenn., 513, 178 S. W., 1184. We cannot say from the record preserved in that case that due publication was not made for the nonresidents, or that the decree was rendered without proof.

The decree of the chancellor will be affirmed.