Terrell *v.* Terrell.

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

318　

HARRY BERKE, of Chattanooga, for plaintiff in error.

WM. R. WEEKS, of Chattanooga, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

By a decree rendered in March of 1948 Dimple Terrell, the appellee here, was granted an absolute divorce against Will Terrell, the appellant. At that time they were the owners as tenants by the entirety of certain real estate in Hamilton County subject to an encumbrance for unpaid purchase money notes. The divorce decree described this real estate and awarded Will Terrell's equity therein to Dimple Terrell "as alimony." Two years thereafter she negotiated a sale of this property. After an investigation of title the purchaser declined to go through with

the transaction because there had been no personal service of process on Will Terrell in the divorce proceedings and the real estate in question had not been impounded ·by attachment in those proceedings.

Thereupon Dimple Terrell filed this bill under Code Section 10388(2) to clear the title. The bill asserts that "the filing of the bill impounded the property as fully as if an attachment had been levied . . . as this was a petition for divorce asking that title be divested". The prayer of the bill is that she be declared the owner of the property by reason of the award in the divorce decree, and that Will Terrell's claim to an interest in this realty "be declared void".

The entire record in the divorce proceedings was made a part of this bill. It discloses the fact to be that no personal service of process was had upon Will Terrell and that no attachment of the real estate in question was had or prayed in the divorce petition as amended, the amendment being only for the purpose of procuring service by publication. That petition did describe this real estate. A pro confesso was entered after service by publication. This was followed by the divorce decree in which this real estate is again described and awarded to Dimple Terrell "as alimony".

In Will Terrell's answer to the bill in the cause now under consideration his insistence is that in the divorce suit "the Circuit Court was without authority to divest title of the property out of the defendant" in the divorce case.

It is stipulated that while the divorce proceedings were pending Dimple Terrell telephoned Will Terrell in Ohio "advising him that the suit had been filed, and that he had actual notice that a divorce suit was pending against him".

The memo filed by the Chancellor states that the question of whether the real estate of a non-resident husband can be divested out of him in divorce proceedings and awarded the wife as alimony without attachment of the property "seems never to have been specifically passed on in this State". He concluded, however, that attachment in such cases is unnecessary. The Chancellor was also of the opinion that attachment of the realty in this particular divorce case was unnecessary for the further reason that "the defendant had actual knowledge of the pendency of the divorce action before decree was granted". Accordingly, the Chancellor's decree in effect sustains the validity of that part of the divorce decree awarding Dimple Terrell the equity of Will Terrell in this real estate. The action of the Chancellor in so decreeing is challenged by appropriate assignments of error.

■■ Under our statutes there is no absolute connection between divorce and alimony. One may be decreed without the other. *Toncray* v. *Toncray,* 123 Tenn. 476, 484, 131 S. W. 977, 34 L. R. A., N. S., 1106. Hence, an informal notice to a non-resident husband which merely informs him that a divorce suit is pending against him is not notice that his wife is seeking in that suit to obtain alimony, or to procure as an award of alimony any specific realty owned by him.

In *Darby* v. *Darby,* 152 Tenn. 287, 291, 277 S. W. 894, 895, 42 A. L. R. 1379, relied upon by the appellant, it was said that the Court is without jurisdiction to award alimony in a divorce case when the defendant is before the Court "only by constructive service, and no property of the defendant being impounded". Apparently the Chancellor was of the opinion that he was not bound by that statement in the Darby case because it is dictum. The only question before the Court there was whether a wife

could institute a proceedings to procure alimony after she had been awarded a divorce without alimony.

The insistence of the appellant, Will Terrell, is that an attachment of the real estate was necessary because the divorce proceedings insofar as those proceedings attempt to procure alimony from a non-resident husband is an action in personam; hence, so it is insisted, that, in the absence of a personal service, only such real estate within the territorial jurisdiction of the Court, and belonging to the husband, as is attached can be awarded as alimony.

Contrary to the insistence just stated, the Chancellor was of the opinion that under the holding in *Roberts* v. *Frogge,* 149 Tenn. 181, 258 S. W. 782, an award in divorce proceedings to a wife as alimony of real estate within the territorial jurisdiction of the Court and belonging to the non-resident husband, before the Court only by substituted service, may be made in the divorce decree without an actual attachment of the real estate.

*Roberts v. Frogge* supra, was not a divorce case. The Court there was dealing with the question of when attachment or other such extraordinary process was necessary to reach property of a non-resident defendant who was before the Court only by publication. The opinion called attention to the fact that the proceeding before the Court was an action in rem. It then gave a number of illustrations of actions in rem in which the Court had jurisdiction to decree with reference to real estate, notwithstanding the absence of attachment or other such process.

■ ■ Insofar as a divorce decree seeks a personal judgment against a husband as alimony, it is an action in personam which requires personal service of process upon the husband. However, our statute, Code Section 8447, empowers the Court in a divorce proceeding to

award the wife part or all of the husband's real estate as alimony. It follows, therefore, that insofar as a divorce petition seeks an award of alimony out of the real estate within the territorial jurisdiction of the Court and belonging to a non-resident husband such a proceeding is at least a quasi in rem proceeding. Compare *Reed* v. *Reed,* 121 Ohio St. 188, 167 N. E 684, 64 A. L. R. 1384, 1389-1390. To that extent, then, it is plausible that—whether or not legally accurate—the conclusion of the Chancellor in the case at bar comes within the holding of *Roberts* v. *Frogge,* supra, as to the absence of a necessity for attachment in order to give the Court jurisdiction of the real estate in question so as to award it as alimony.

Many States have statutes which are the equivalent of our Code Section 8447. In a great majority of these jurisdictions it is held that the levy of an attachment against real estate within the jurisdiction of the Court of a non-resident husband who is served only constructively is not a prerequisite to a valid decree for alimony. A number of these cases will be found annotated in Volumes 29, 64 and 108 A. L. R., respectively, at pages 1385, 1392 and 1303, respectively. With a very few exceptions, however, all these Courts hold that "there must be something in the suit which makes it in effect a proceeding against the property; in other words, something which will serve to characterize it as a proceeding in rem or quasi in rem, as by description thereof in the petition and prayer for relief against the same, seizure of the property, injunction, receivership, etc." 29 A. L. R. 1385-1386.

The rule just stated is very sound in principle, as well as being supported by the great weight of authority. There is no announcement or statement in *Roberts* v. *Frogge,* supra, contrary thereto. In any event, therefore, it is necessary to ascertain whether there is anything in

the divorce petition of Dimple Terrell which gives notice that she proposes to procure as alimony her husband's equity in the realty in question.

The divorce petition does particularly describe this real estate and states that it was conveyed to the husband and wife as tenants by the entirety; that a large part of the purchase price represented by purchase money notes is outstanding, and that her husband has ceased to make payment of these notes; hence, that she will have to carry on that burden. Parenthetically, it is stipulated that at the time the bill in the instant case was filed Dimple Terrell had paid on purchase money notes and taxes $772.40 and Will Terrell had paid $794.76.

The petition alleges that certain personal property is about to be fraudulently disposed of by her husband "in order to avoid payment of alimony". An attachment of this personalty is prayed. No attachment of the realty in question is sought.

It is further charged in the petition that her husband works at a specified place in Chattanooga and "is well paid". That petition is filed against him as a resident of Hamilton County.

The prayer of the petition was:

"3. That she be awarded alimony payable by the defendant and that the defendant's small equity in the house and lots hereinbefore described be extinguished and that his share be deeded to the petitioner, in view of the fact that it has been through her efforts that the notes were paid and the property has not been subject to foreclosure and that she will be required to pay all the subsequent notes that will fall due.

"4. That an attachment issue levied on all the foregoing personal property hereinbefore described belonging to

the defendant to secure the amount justly due the petitioner as alimony.''

The only construction of which this divorce petition is capable is that it did not give notice that the petitioner propesed to procure her husband's equity in this real astate as all or part of the alimony to be awarded her. To the contrary, about the only reasonable conclusion to be reached from the contents of the petition is that it gives notice of her intention to disclaim any portion of this realty as alimony, and to procure the realty on an entirely different ground. Apparently, her strategy was to procure her husband's interest in this real estate without diminution of the amount of alimony which she hoped to receive from the personal property, and by reason of a personal judgment whereby her former husband could be made to pay her out of the wages which her petition alleged him to be earning.

Pretermitting the question of whether an attachment was necessary, the opinion of this Court is that the decree of the Circuit Court in the divorce proceedings purporting to award Dimple Terrell the equity of Will Terrell in the real estate in question ''as alimony'' is void because there was nothing in the petition which gave notice that petitioner proposed to procure alimony out of that real estate or any prayer to that effect, and because the reasonable construction of the petition is that it gave notice of an intention to procure satisfaction of the alimony to be awarded her out of earnings or property of the husband other than his equity in this realty.

The decree of the Chancellor will be reserved and the cause will be remanded for an entry of a decree in accordance with this opinion and for further proceedings with reference to the disposition of the proceeds of the sale of this realty, the real estate having been sold by consent

and the proceeds placed in Court pending the outcome of this case. The costs of all Courts will be divided between the parties and paid out of the proceeds of the sale now in the hands of the Clerk & Master.

All concur.