CAROLYN WILSON

*v.*

CURTIS R. ANDREW et al.

375 S.W. 2d 650

(*Knoxville,* September Term, 1963.)

Opinion filed December 5, 1963.

Petition for Rehearing Denied March 5, 1964.

SOUTHERN & SOUTHERN, Knoxville, for appellant.

ASQUITH, AILOR & JONES, Knoxville, for Curtis R. Andrew, and another.

PRIVETTE & MANN, Knoxville, for Home Owners Finance Co.

MR. SPECIAL JUSTICE ROBERT S. CLEMENT delivered the opinion of the Court.

The Appellant, Carolyn Wilson, who will hereinafter be referred to as Complainant, filed a bill in the Chancery Court of Knox County on June 8, 1962, against her former husband, Curtis R. Andrew, hereinafter referred to as Defendant, and others, wherein she attacked a decree of the Domestic Relations Court of Knox County, dated March 30, 1957, wherein the Defendant, Curtis R. Andrew, was awarded a divorce from the Complainant, then the wife of the Defendant, Curtis R. Andrew, and in which the Court divested all of the right, title and interest of the Complainant and vested same in the Defendant in a certain house and lot described as Lot No.

21 in Block 50 of the Lonsdale Land Company's addition to Knoxville, Tennessee.

The Complainant does not complain of the dissolution of the marriage, but she attacks that part of the decree wherein title to the property described in the bill was divested out of her and vested in her husband. The other parties to this cause are the present wife of Curtis R. Andrew, Norma Glynn Andrew, the Home Owners Finance Company, which has a mortgage on the property, and the Chattanooga Title Insurance Agency, Incorporated, which is trustee under a deed dated August 20, 1960, for an undisclosed principal to secure indebtedness in the amount of $1,452.24.

The bill alleges that the Complainant, the defendant in the divorce action in 1956, was before the Court by publication only and the Court was without power to take her property without personal service and, therefore, that part of the decree is void and of no effect.

The Defendant, Curtis R. Andrew, in his answer, admits the filing of the divorce bill in 1956, in which he averred that the Defendant in the divorce action was a citizen and resident of Knox County, Tennessee, at the time the original bill was filed, but that when the Sheriff of Knox County was unable to locate the Defendant in the divorce action, an affidavit for publication was filed and publication was made for the Defendant and that a supplemental bill was filed, asking the Court to divest title to the real estate, which was held in the joint names of the parties, out of Carolyn Andrew's name and vest same in the name of Curtis R. Andrew. A pro confesso and a final decree was entered in this case and title was divested out of Carolyn Andrew, as alleged in the bill.

The answer further denies that there was any fraud in the matter and that the adjudication wherein title was divested out of the Complainant herein and vested in the Defendant, Curtis R. Andrew, was proper and by the authority of Section 36-825, T.C.A., which gives Courts having jurisdiction in domestic proceedings the power and discretion to adjust respective rights of the parties in connection with jointly owned property. The answer further denied that Complainant herein had been denied due process of law in any way.

The Defendant's answer further states that at the time of the divorce there was certain indebtedness against the property in favor of Chandler and Company, Incorporated, representing funds advanced for the construction of the house, and Defendant further denies that any materials and labor were furnished by the Complainant or her family.

The answer of the Home Owners' Finance Company deals with the amount of indebtedness against the property at various times. The answer states that the Complainant herein and her then husband were justly indebted to the Finance Company in the amount of Two Thousand Five Hundred Thirty-Three Dollars and Seventy Cents ($2,533.70) under a Deed of Trust, dated January 13, 1956, and that the present principal balance due on this indebtedness is Two Thousand Three Hundred Sixty-Seven Dollars and Thirty Cents ($2,367.30).

The Defendant, Home Owners Finance Company, also filed a cross-bill against Curtis R. Andrew and his present wife, Norma Glynn Andrew, for any deficiency in the amount due them in case the Court should hold that Carolyn Wilson is entitled to any relief in this matter.

A pro confesso was taken against the Chattanooga Title Insurance Agency, Incorporated, and this Defendant does not appear to be further considered in the record.

The Defendant, Curtis R. Andrew, and wife, Norma Glynn Andrew, answered the cross-bill of the Home Owners Finance Company and denied that the Company is entitled to an order or judgment against them in this cause and that in no event should an attorney's fee be adjudged against these Defendants in favor of the Home Owners Finance Company.

The record further reveals that the attachment prayed for in the divorce bill in 1956 was issued, but no return was ever made by the Sheriff showing that he had made a levy on the property described in the bill.

The Defendants have moved the Court to dismiss Complainant's appeal because Appellant's assignments of error were not filed until September 30, 1963, although the case was set for hearing on October 9, 1963, and, therefore, is less than ten (10) days before the case was to be heard. For further grounds to dismiss, the Defendants say that Complainant has failed to comply with Rule No. 15 of this Court, providing for the citation of authorities. Examination of the record shows these allegations to be true, but in view of the importance of this case and upon examination of the briefs of all Defendants, we do not think that the Defendants have been prejudiced by the failure of the Complainant to comply with these rules and the motions are overruled, and the case will be considered on the record before us.

The Chancellor dismissed Complainant's bill on the pleadings, holding (1) That the Defendant was properly

before the Court; (2) That as a matter of law, it must be presumed that the Judge of the Domestic Relations Court had before him at the time a proper showing of fact upon which to base the final decree; and (3) That said Judge did his duty and followed the law.

It appears that two questions are to be resolved by this Court: (1) Is an attachment necessary to properly impound the property and if an actual levy and return thereon is necessary to bring the property before the Court; (2) Can a Court divest title out of a non-resident wife in a divorce action filed by her husband where the property is located within the jurisdiction of the Court, but the wife is before the Court by publication only.

We will first discuss the attachment. One of the leading cases on this question is the case of *Roberts v. Frogge,* 149 Tenn. 181, 182, 258 S.W. 782, where this question was squarely before the Court. The Defendants in the *Roberts v. Frogge* case were non-residents and were before the Court by publication. This Court, speaking through Chief Justice Green, among other things, said: ''A suit against a nonresident, without the service of process, upon seizure of property and publication, no matter what its nature, is necessarily a local action. It is a suit quasi in rem. *Paper Co. v. Shyer,* 108 Tenn. 444, 67 S.W. 856, 58 L.R.A. 173. It is only effective by reason of the power of the court to deal with the property seized. It must therefore be brought in a court that has jurisdiction of the property, and is able to lay hold of it and decree its status.

''In Tennessee the chancery court is not confined in the exercise of its jurisdiction to decrees in personam. By section 4484, of the Code of 1858, the chancery court

is expressly authorized to 'divest the title to property, real or personal, out of any of the parties, and vest it in others, and such decree shall have all the force and effect of a conveyance by such parties, executed in due form of law.' '' The Court further said, in discussing an earlier case of *Clemens v. Kerr,* "In a case such as *Clemens v. Kerr* in the chancery court in Tennessee the property described is *impounded from the filing of the bill as fully as if* an attachment had been levied, and the latter writ is not necessary" (emphasis ours). We conclude under the foregoing authorities that an attachment was not necessary to bring Carolyn Wilson's property rights before the Court.

■ The more serious question is, "Did the Trial Court have power to divest title out of the wife, where she was before the Court by publication only, even though an attachment was not necessary to impound the property?''

This question was before the Court in the case of *Terrell v. Terrell,* 192 Tenn. 317, 241 S.W.2d 411, which was not called to our attention. In the Terrell case, the Chancellor awarded the wife the equity in certain real estate owned as tenants by the entirety which was within the jurisdiction of the Court, the husband being before the Court by publication only. This Court, speaking through Justice Tomlinson, reversed the Chancellor for the reason that the wife did not give notice that she proposed to procure her husband's equity in the real estate as all or part of the alimony to be awarded her. The Court approved the principle that, "There must be something in the suit which makes it in effect a proceeding against the property; in other words, something which will serve to characterize it as a proceeding in rem or quasi in rem, as by description thereof in the Petition and prayer for

relief against the same, seizure, injunction, receivor, etc." 29 A.L.R. 1385-1386.

It should be noted that the Terrell case was before this Court in June of 1951. Since that time, in 1953, the Legislature enacted T.C.A. sec. 36-825 which has since been amended by Chapter 192 of the Public Acts of 1959. The divorce in this case was granted in 1956. The law in effect at that time read as follows:

"*Transfer of property when decree for husband.*—In all cases of either divorce or separation, where the relief therein to be decreed by the court is decreed to the husband on his petition, the court may, upon a proper showing of fact, adjust the respective rights of the parties with regard to property jointly owned so as to preserve for such a husband that portion of such joint property as for which he contributed and paid, and for this purpose the court is hereby empowered to divest and vest title to either real or personal property and, where appropriate, to divest out of a defendant wife any residual title to property prior thereto held by the entireties between her and the complainant."

The Court of Appeals construed said statute in the case of *Grant v. Grant,* 39 Tenn.App. 539, 286 S.W.2d 349, in which it held that the trial judge was vested with discretion as to whether or not he should divest the interest of the wife in property where the husband was granted a divorce.

For reasons stated herein and basing our opinion upon the foregoing authorities, and especially T.C.A. sec. 36-825, the decree of the Chancellor is affirmed and Complainant's bill is dismissed.

The costs of the appeal are taxed against the Complainant.

## On Petition to Rehear

The Appellant, complainant below, has filed a petition to rehear in this cause insisting that the Court overlooked the allegation of fraud and that Petitioner was deprived of her property without due process of law.

We have reviewed the record in order to assure Appellant of every consideration. This case brought to the Court some unusual questions which we carefully considered and discussed in our opinion.

In reviewing the record in connection with the petition to rehear, we find nothing new to change our opinion. Therefore, the petition to rehear is denied. See Rule 32 —Rules of this Court.