ROBERT K. WITHERSPOON, Appellant-Defendant, v.
HESTA PETTY WITHERSPOON, Appellee-
Complainant.—402 S.W.(2d) 492.

Middle Section. December 3, 1965.

Certiorari Denied by Supreme Court April 4, 1966.

Foster Hume, III, Nashville, for appellant.

Bailey, Ewing, Dale & Bailey, Nashville, for appellee.

## I

SHRIVER, J. This is a divorce case wherein the original bill filed by the complainant, Hesta Petty Witherspoon, was dismissed by the trial judge, but, on appeal, she was granted a divorce in an opinion and decree of this Court on June 28, 1963, and the cause remanded to the trial court for a disposition of the property rights of the parties.

On remand the trial judge, Honorable Benson Trimble, referred the matter to a Special Master and, pursuant to the Master's report and after hearing exceptions thereto, filed an opinion dealing with the property rights of the parties, which opinion was made a part of the record herein.

From the decree implementing said opinion, defendant below, Robert K. Witherspoon, has appealed and assigned errors.

## II

### ASSIGNMENTS OF ERROR

It is interesting to note that each of the five assignments of error challenges the constitutionality of Sec-

tion 36-825, T.C.A., as amended. It is asserted that the court erred in applying this statute to property interests of the parties that were vested prior to its enactment in that such application is retrospective and in violation of Article I, Sections 8 and 20 of the Constitution of Tennessee and of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

### III

In the opinion filed by this court in which complainant was granted a divorce, the charges in the original bill were summarized as follows:

"The bill charges that after their marriage on August 12, 1951, complainant furnished the entire purchase price for certain real estate described in the bill, the title to which was taken by the parties as tenants by the entireties, and that complainant had purchased certain household furnishings and other personal property as set out in the bill with her personal funds.

The prayer of the bill is for an absolute divorce and that all the title to the real estate and personalty set out in the bill be divested out of defendant and vested in the complainant."

From the record it appears that there were numerous items of property involved, including furniture, antiques, paintings and other items in addition to several valuable pieces of real estate. In his report, the Special Master found that complainant had paid for the real estate involved. As to the numerous items of personal property purchased during the marriage, as evidenced by lists attached to his report, the Master was unable to determine who paid for each item but reported that the complainant

produced checks totaling approximately $20,000.00 paid to antique and art dealers which she asserted covered most of the items in the list. His report further showed that during the ten years of the marriage of these parties complainant had an income of $266,772.97, whereas the defendant had an income in these years of only $2,606.10.

On remand the opinion and decree of the trial judge dealing with the property in question ordered and decreed that defendant had no right, title or interest in and to any of the equity held by complainant in the real and personal property identified as "Battlefield Drive property"; that all right, title and interest of defendant in and to the real property identified as the "Cheairs property" in Maury County be divested out of defendant and reinvested in complainant; that all right, title and interest of defendant in and to the real estate known as "Stanford Drive property" be divested out of defendant and reinvested in complainant; that complainant shall have no right, title or interest in and to any property connected with Witherspoon Monument Company, and all interests therein, including outstanding notes, are vested in the defendant; that all personal property located at or within the "Blair Boulevard place", as well as all personal property stored in warehouses, but not including personalty located in the Stanford Drive or Cheairs property, become the sole property of the defendant; that defendant have all items of personalty listed and identified as follows:

"Items acquired after the marriage that I am willing for him to have from the Stanford Drive residence."

The decree then recites that, long prior to the filing of the bill for divorce herein, the property identified as

the "Blair Boulevard property", originally owned by the defendant in fee simple, for reasons best known to the parties, had been deeded to the complainant herein to be her sole and separate estate.

■ The trial judge, in his opinion, then makes the following statement which indicates that he did not apply Section 36-825, T.C.A. but was relying on the power vested in the Circuit and Chancery Courts of this State in divorce matters as codified in Sections 36-820 and 36-821, T.C.A., the language in question being:

"The Court is firmly of the opinion that it has no authority at law to, in any manner whatsoever, disturb this separate estate vested at that time by the parties in the complainant herein. Therefore, the Court takes no action whatsoever insofar as this parcel of real property is concerned."

Counsel for defendant below, appellant here, has filed a very learned and exhaustive brief and argument dealing with the alleged unconstitutionality of Section 36-825, T.C.A. as challenged in the above assignments, and counsel for complainant below, appellee here, has answered with many citations of authority dealing with this question. This Court, however, is of opinion that the assignments are not good and that the questions dealt with in said assignments and the briefs and arguments of counsel are not material to the inquiry before the court. This is true for the reason that it does not appear that the trial judge invoked or applied the provisions of Section 36-825, T.C.A., in his decision of this matter, nor would it have been necessary or proper for him to do so.

It is to be noted that, in the case at bar, the complainant, Mrs. Witherspoon, and not the husband, Mr. Witherspoon, obtained the divorce.

Section 36-825, T.C.A. as originally passed in 1953 is entitled, "Transfer of Property When Decree for Husband," and provides that in all cases of divorce or separation where the relief is decreed to the husband the court may adjust the respective rights of the parties with regard to jointly owned property so as to preserve for the husband that portion of the joint property for which he contributed and paid, thus, empowering the court to divest the wife of any residual title, etc.

When this section was amended in 1959 it was enlarged so as to allow the court more latitude in dividing the property between husband and wife and in divesting and reinvesting title.

We find nothing in the 1959 amendatory act that either directly or by implication repealed the provisions of Sections 36-820 and 36-821, T.C.A.

It is to be observed that the law as codified in these two later sections dates back to the Code of 1858 and has been the law of this State continuously since that time.

Section 36-821, T.C.A. entitled, "Portion of Husband's Estate Decreed to Wife," provides that the Court may decree to the wife such part of the husband's real and personal estate as it may think proper, and, in doing so, may have reference to the property which the husband received by his wife at the time of marriage or afterwards as well as to the separate property secured to her by marriage contract or otherwise. As was said in Hamby v. Northcut, 25 Tenn.App. 11, 149 S.W.2d 484, in case

of a divorce a vinculo procured at the suit of the wife the court may vest in the wife absolutely a specific portion of the real or personal estate of the husband. This well known rule has been followed in cases too numerous to mention.

In the more recent case of Grant v. Grant, 39 Tenn. App. 539, 286 S.W.(2d) 349, it was pointed out that a trial court is vested with wide discretion in matters of divorce, alimony, attorneys fee, and custody and support of minor children, and that reviewing courts will not interfere except on a showing of abuse of discretion. Again it is pointed out in Grant v. Grant, supra, that the statute, as embraced in Section 36-825, T.C.A., is not mandatory but leaves it within the discretion of the trial judge as to the vesting and divesting of title.

■ We are fully satisfied that the trial judge had authority under the general law as it has existed at least since the adoption of the Code of 1858, to deal with the property of these parties as he did and we find no abuse of his discretion nor error in his actions.

It results that the assignments are overruled and the judgment of the trial court is affirmed.

Humphreys and Puryear, JJ., concur.