**Peggy Joyce HARDIN,**
**Plaintiff-Appellee,**

v.

**Kenneth Everett HARDIN,**
**Defendant-Appellant.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Aug. 5, 1983.

Permission to Appeal Denied by
Supreme Court Dec. 19, 1983.

Robert L. Ogle, Donna J. Orr, Sevierville, for defendant-appellant.

James D. Banks of Banks & Campbell, Knoxville, for plaintiff-appellee.

MATHERNE, Special Judge.

This is a divorce action in which the plaintiff wife was granted a divorce on grounds of cruel and inhuman treatment. Defendant husband has appealed, asserting error in the trial court's division of property and award of attorney's fees. We find no substantial error in the proceedings below and affirm.

The parties, Peggy Joyce Key Hardin and Kenneth Everett Hardin, were married for the first time in 1971. This marriage ended in divorce on February 9, 1979. The parties remarried on August 15, 1979. They separated early in 1981 and Mrs. Hardin filed for divorce on September 8, 1981. Mr. Hardin answered and counterclaimed for divorce. The countercomplaint was voluntarily dismissed at trial and, after hearing the testimony of the parties and their witnesses, the trial court awarded Mrs. Hardin a divorce on grounds of cruel and inhuman treatment. Mrs. Hardin was also awarded custody of the parties' two minor children, $400 per month child support, various personal property, and a home. Mr. Hardin was given two automobiles, various personal property, and $5,000 in cash, to be paid upon the youngest child reaching majority, for his interest in the house.

The primary issue both at trial and on appeal is the proper division of the parties' interest in a home. Plaintiff owned a home when the parties were married in 1971. She had just recently purchased the home when she and defendant were married and they made payments on this home out of their joint funds. In 1972, this house was exchanged for a second house. This second home was in the names of both parties. The second home was later sold and the proceeds were used to buy a lot on Union Valley Road in Sevier County. A construction loan was obtained to build a house. The foundation for this house had been dug when defendant left home. This first marriage ended in divorce on February 9, 1979. Plaintiff was awarded a divorce by default and full title to the Union Valley Road property was vested in her by the decree. Plaintiff and the parties' three children moved into the new home in late May of 1979. Defendant moved back in around June 15 and the parties were remarried on August 15, 1979. When the construction loan was converted to a permanent mortgage, defendant signed the note and deed of trust. Payments on this mortgage were made out of defendant's individual account until shortly before the parties separated for a second time early in 1981. As noted above, the trial court awarded the house to Mrs. Hardin. Mr. Hardin was awarded $5,000 for his interest in the house to be paid upon the youngest child, now age six, reaching majority.

█ The first issue raised on appeal is whether the trial court erred in excluding defendant's testimony as to the value of the house. Assuming arguendo that defendant had a sufficient equitable interest in the house to qualify his testimony, see *Wall v. Thalco, Inc.*, 614 S.W.2d 803 (Tenn. App.1981); *Hayes v. Cumberland Builders, Inc.*, 546 S.W.2d 228 (Tenn.App.1976), the total value of the home had little relevance to the issue of defendant's interest in it. As will be discussed below, there was no error in the trial court's division of the property and, under the circumstances, any

error with regard to defendant's testimony was harmless. Tenn.R.App.P. 36(b).

■ The second issue raised by defendant is that the trial court erred in awarding him $5,000 rather than a half interest in the house. Defendant's theory is that we should ignore the first divorce decree and treat the parties as if they had been continually married since 1971. This we cannot do. In addressing a similar argument in the unreported case of *Viar v. Viar* (Tennessee Court of Appeals, Western Section, December 9, 1981, no application for permission to appeal filed), the Western Section of this court said:

> [W]e deem it proper to treat the second marriage of the same parties as we would treat any other marriage. The parties entered the second marriage with full knowledge of who was the legal owner of the various parcels of land. This court is without authority to review the distribution of the property of the first decree.... We accept that division and treat each party coming into the second marriage as the owner of the property as allowed in the first decree.

We agree that this is the proper approach. Thus, plaintiff entered the second marriage as full owner of the Union Valley Road house.

■ Tennessee Code Annotated § 36–825 (1977) authorizes a court having jurisdiction of a divorce action to, "in its discretion, adjust and adjudicate the respective rights and interests of the parties in all jointly owned property, so as to preserve for each or either party, that portion of such jointly owned property as may be just and reasonable under the facts and circumstances of the case." *Id.* "Jointly owned" property within the meaning of this section includes "every legal or equitable interest recognized at law or by equity in any kind of property in the name of either party, or both parties, which either party is able to establish by competent evidence." *Jones v. Jones*, 597 S.W.2d 886, 887 (Tenn.1979). "Circumstances of acquisition, maintenance, or improvement may ... create equities which the Court is authorized to ad-

just as an incident to the divorce decree." *Rains v. Rains*, 58 Tenn.App. 214, 428 S.W.2d 650, 657 (1968). The determination of what property is jointly owned and the value of a party's interest is a question of fact. See *Langford v. Langford*, 220 Tenn. 600, 421 S.W.2d 632 (1967). As such, the trial court's findings are entitled to a presumption of correctness on appeal. Tenn.R.App.P. 13(d). In the present case, the trial court valued defendant's interest at $5,000, the approximate reduction in the principal indebtedness on the house during the parties' second marriage. The evidence supports this determination. The manner of compensation for that interest depends on several factors, *see Fisher v. Fisher*, 648 S.W.2d 244 (Tenn.1983), and rests within the sound discretion of the trial court. Tenn.Code Ann. § 36–825 (1977). We find no abuse of that discretion in this case.

■ The final issue raised on appeal is the trial court's awarding of attorney's fees to plaintiff. The trial court ordered defendant to pay one-half of plaintiff's attorney's fees. The trial court has wide discretion in this matter. *Connors v. Connors*, 594 S.W.2d 672 (Tenn.1980); *Hensley v. Hensley*, 631 S.W.2d 131 (Tenn.App. 1981); *Ligon v. Ligon*, 556 S.W.2d 763 (Tenn.App.1977); *Crouch v. Crouch*, 53 Tenn.App. 594, 385 S.W.2d 288 (1964); *Raskind v. Raskind*, 45 Tenn.App. 583, 325 S.W.2d 617 (1959); *Marmino v. Marmino*, 34 Tenn.App. 352, 238 S.W.2d 105 (1950). There was no abuse of discretion in this case.

The judgment of the court below is affirmed, and this cause is remanded to the trial court for the enforcement thereof. The cost in this court is adjudged against the appellant for which execution may issue, if necessary.

PARROTT, P.J., and FRANKS, J., concur.