# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## JERRY BENSON BRYANT v. KATHERINE ANNE BRYANT

**An Appeal from the Chancery Court for Giles County**
**No. 9417     The Honorable Jim T. Hamilton, Chancellor**

---

### No. M1999-00065-COA-R3-CV - Decided May 5, 2000

---

Appellant ("Husband") appeals the trial court's division and award of marital assets, award of alimony, and award of attorney's fees to Appellee ("Wife"). For the following reasons, the decision of the trial court is hereby affirmed in part, reversed in part, and remanded for further proceedings as necessary.

**Tenn.R.App. 3; Appeal as of right; Judgment of the Chancery Court Affirmed in part, Reversed in Part and Remanded**

HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S. , FARMER, J. , joined.

M. Andrew Hoover, ANDREW HOOVER & ATTORNEYS, Pulaski, Tennessee, Attorney for Appellant, Jerry Benson Bryant

Barbara J. Walker, Columbia, Tennessee, Attorney for Appellee, Katherine Anne Bryant

### OPINION

### Facts and Procedural History

This appeal arises from an action for divorce initiated by Husband. On December 2, 1996, Husband filed for divorce alleging inappropriate marital conduct by Wife. In March 1998, Wife filed a counterclaim for divorce alleging inappropriate marital conduct by Husband. After a pendente lite hearing on March 18, 1998, the court awarded Husband temporary custody of the parties' two minor children.[1] On July 15, 1998, a bifurcated trial was held, and at this time the court granted each of

---

[1]Child custody and support are not issues on appeal.

the parties a "dual-fault" divorce pursuant to Tenn. Code. Ann. § 36-4-129(b).[2]  The court reserved ruling on the other issues.

The trial was resumed and completed on September 16, 1998.  At this time, the following was listed as marital property:

| | |
|---|---|
| J&B Co. Inc. Stock | $59,000 |
| ST Money Market | $30,000 |
| Third Street House | $110,000 |
| Gibson and Cardin Building Equity | $55,000 |
| Proceeds from Drugstore sale | $11,900 |
| Truck | $3,150 |
| Husband's car equity | $10,500 |
| Wife's car | $2,500 |
| Wife's retirement | $3,000 |
| Community Bank | $3,850 |
| First National Bank | $958 |
| Husband's retirement | $1,400 |
| Putnam Mutual Funds | $2,500 |
| Nissan | $1,500 |
| State Farm IRA | $530 |
| Revco 402K | $264 |
| Household Furnishings | $50,000 |
| Total | $346,050 |

Based on the foregoing, the court awarded Wife $140,000 worth of marital assets and Husband approximately $202,000 of marital assets.  Husband was also ordered to pay the parties' marital debt and to pay periodic alimony of $1,000 per month to Wife until her death or remarriage.  In addition, Husband was ordered to pay Wife's attorney's fees.  Husband appeals.

On appeal, Husband asserts that the court erred in its calculation and division of the marital assets.  Specifically, Husband claims that the court erred by counting J&B stock shares twice.  According to Husband, this stock is the same asset as the Gibson and Cardin Building equity and the truck.  In addition, he asserts that the $30,000 in the ST Money Market account is his separate property and should be withdrawn from the marital estate.  Husband also asserts that the marital estate should be reduced by $11,900 because these proceeds from the sale of the drugstore were used to remodel the house awarded to Wife. Husband also contests the valuation of the parties' household furnishings at $50,000.  Husband claims that the actual value of all the assets he received is

_____

[2]Tenn. Code Ann. § 36-4-129(b) provides:  The court may, upon stipulation to or proof of any ground for divorce pursuant to § 36-4-101, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce, declare the parties to be divorced, rather than awarding a divorce to either party alone.

approximately $80,000.  In addition, Husband alleges that the court erred in awarding alimony to Wife without making the necessary finding of facts under Tenn. Code. Ann. § 36-5-101(d)(1)(A)-(L).  Finally, Husband alleges that the trial court erred in awarding Wife's attorney's fees without considering the factors in Tenn. Code Ann. § 36-5-101(d)(1)(A)-(L).

Wife argues that if the court erred in the calculation of an equitable distribution of marital property, any error was due to Husband's failure to submit a Sworn Statement of Parties' Separate and Joint Assets and Liabilities as required by the local trial court rules.  In addition, Wife asserts that the trial court did not err in the award of alimony or attorney's fees.

## Analysis

As a preliminary matter, we find it appropriate to discuss the general principles governing a court's division of the marital assets.  Before dividing the marital estate, the trial court must first classify the parties' property as either marital or separate property because only marital property is subject to the trial court's powers of equitable distribution. Dunlap v. Dunlap, 996 S.W.2d 803, 814-815 (Tenn. Ct. App. 1998) citing Cutsinger v. Cutsinger, 917 S.W.2d 238, 241 (Tenn. Ct. App.1995); Brown v. Brown, 913 S.W.2d 163, 166 (Tenn. Ct. App.1994).  In classifying the parties' property as either marital or separate, the trial court is vested with wide discretion, and its decision is entitled to great weight on appeal. Harris v. Corley, No. 01A01-9011-CH-00415, 1991 WL 66447, at *5 (Tenn. Ct. App. May 1, 1991) citing Fisher v. Fisher, 648 S.W.2d 244, 246 (Tenn.1983); Edwards v. Edwards, 501 S.W.2d 283, 288 (Tenn. Ct. App.1973).

After characterizing the parties' assets as either marital or separate property, the court will make an equitable division of marital assets.  An equitable division of property does not necessarily mean an equal division. Bookout v. Bookout, 954 S.W.2d 730 (Tenn. Ct. App. 1997); Batson v. Batson, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988).  "The division of the estate is not rendered inequitable simply because it is not mathematically equal, or because each party did not receive a share of every item of marital property." King v. King, 986 S.W.2d 216, 219 (Tenn. Ct. App. 1998) citing Cohen v. Cohen, 937 S.W.2d 823, 832 (Tenn.1996);  Ellis v. Ellis, 748 S.W.2d 424, 427 (Tenn.1988); Brown v. Brown, 913 S.W.2d 163.  In determining what constitutes an equitable division of marital assets, the court will consider the factors listed in Tenn. Code Ann. §36-4-121(c).[3]

---

[3]Tenn. Code Ann. §36-4-12 1(c) provides:
 In making equitable division of marital property, the court shall consider all relevant factors including:
 (1) The duration of the marriage;
 (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
 (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
 (4) The relative ability of each party for future acquisitions of capital assets and income;
 (5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
 (6) The value of the separate property of each party;

3

Pursuant to Rule 13(d) of the Tennessee Rules of Appellate Procedure, the trial court's classification and division of marital property enjoys a presumption of correctness and will be reversed or modified only if the evidence preponderates against the court's decision. Lancaster v. Lancaster, 671 S.W.2d 501, 502 (Tenn. Ct. App.1984); Hardin v. Hardin, 689 S.W.2d 152, 154 (Tenn. Ct. App.1983); Goren v. Goren, 1988 WL 118114, at *3 (Tenn. Ct. App. Nov.7, 1988). With this in mind, we now turn to the specific issues raised by the parties.

## I. Division of Marital Property

On appeal, Husband argues that the trial court miscalculated the amount and kind of property subject to division. Specifically, Husband claims that the court erred by counting J&B stock shares (worth approximately $59,000) twice. According to Husband, this stock is the same asset as the Gibson and Cardin Building equity and the truck. In addition, he asserts that the thirty thousand dollars in the ST Money Market account is his separate property and should be withdrawn from the marital estate. Husband also asserts that the marital estate should be reduced by $11,900, an amount representing proceeds from the sale of the drugstore that was used to remodel the house awarded to Wife. Husband also contests the valuation of the parties' household furnishings at $50,000.

## A. J&B stock

From our reading of the record, there seems to be at least some evidence to support Husband's contention regarding the J&B stock. During Wife's testimony, Husband's attorney questioned her about the stock. Wife admitted that the building and truck were assets in J&B. Based on the conflicting evidence, we are unable to ascertain how the stock, building, and truck should be characterized and whether the court below essentially counted the same asset twice. For the reason stated above, this issue is remanded to the trial court for clarification.

## B. Money Market Account

Husband also contends that the trial court erred in including the $30,000 ST money market account in the division of marital assets. According to Husband, this account was funded by cash he received as a gift from his parents and is therefore separate property. In her testimony, Wife admitted that the money was a gift solely to Husband and that is was his separate property. Despite this testimony, the court included the money market account in the marital assets subject to equitable

---

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party; and

(10) Such other factors as are necessary to consider the equities between the parties.

division.

A spouse's separate property includes property acquired "at any time by gift, bequest, devise or descent." See Tenn. Code Ann. § 36-4-121(b)(2)(D). Accordingly, if the spouse can show that the property was a gift, the gift is his or her separate property, regardless of when it was acquired. The burden of proving that a gift was made is upon the donee or the party asserting the gift. Hansel v. Hansel, 939 S.W.2d 110, 112 (Tenn. Ct. App.1996); Hartman v. Hartman, No. 03A01-9608-CV-00249, 1997 WL 176701, at *2 (Tenn. Ct. App. Apr.10, 1997). In this case, Wife admitted that the money in the account was Husband's separate property. Therefore, the trial court erred in including the ST account in the parties' marital property. The decision of the trial court is reversed on this issue.

### C. Drugstore Proceeds

Husband asserts that the trial court erred in including $11,900 in cash as part of the marital estate. According to Husband, this money was used to remodel the parties' residence, and this residence was awarded to Wife. However, at trial Husband was unable to offer any proof regarding this contention. Husband only testified that this money was spent "somewhere along the line." As stated above, the trial court's characterization and division of marital assets carries a presumption of correctness. Husband has failed to overcome this presumption. Therefore, the decision of the trial court on this issue is affirmed.

### D. Household Furnishings

Husband also contends that the trial court erred in valuing the parties' household furnishings at $50,000. At trial, Husband testified that he had received only five thousand dollars worth of household furnishings from the parties' residence. Wife testified that the property in her possession was worth approximately twenty-five thousand dollars and that Husband either took an equal amount from the parties' marital residence or used marital assets to acquire additional furnishings. On appeal, Husband argues that the total value of all household furnishings should be reduced to twenty thousand dollars. Husband offers no further evidence to support this reduction. Based on these facts, Husband has failed to overcome the trial court's presumption of correctness. Therefore, the trial court is affirmed on this issue.

### II. Alimony Award

Husband asserts that the trial court failed to make the necessary findings of fact to award alimony pursuant to Tenn. Code. Ann. § 36-5-101(d)(1)(A)-(L). According to Husband, the court merely stated that Wife was entitled to alimony, without explaining why Wife was so entitled. We disagree. From our review of the record, it is clear that the trial court considered the factors

5

enumerated in Tenn. Code. Ann. § 36-5-101(d)(1)(A)-(L).[4]

In this case, the court below awarded Wife periodic alimony in the amount of one thousand dollars per month until her death or remarriage. In its order, the court specifically referred to the following factors: Wife's role as homemaker and care giver of the parties' children; the parties' standard of living prior to the divorce; the disparity between Wife and Husband's relative standards of living at the time of the divorce; Wife's income at the time of the divorce; the monthly expenses of each party; the education of each party; and the relative earning capacity of each party. In addition, the court commented on Wife's inability to rehabilitate herself due to her age and health.[5]

While all statutory factors listed in Tenn. Code Ann. § 36-5-101(d)(1) are important and will be considered by the trial court, need and the ability to pay are the critical factors in setting the amount of an alimony award. Whether an alimony award is appropriate is dependent on the facts

---

[4]Tenn. Code. Ann. § 36-5-101(d)(1)provides: It is the intent of the general assembly that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance. *Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3).* Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony. In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

(A.) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(B.) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C.) The duration of the marriage;

(D.) The age and mental condition of each party;

(E.) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F.) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G.) The separate assets of each party, both real and personal, tangible and intangible;

(H.) The provisions made with regard to the marital property as defined in § 36-4-121;

(I.) The standard of living of the parties established during the marriage;

(J.) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K.) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L.) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

[5]Wife was diagnosed and treated for cancer during the period prior to the divorce.

and circumstances of each case. "The amount of alimony to be awarded is a matter for the trial court's discretion in view of the particular circumstances of the case, and the appellate courts are not inclined to alter the awards except where the record reflects that such discretion has been abused." Lindsey v. Lindsey, 976 S.W.2d 175, 179-180 (Tenn. Ct. App. 1997) citing Smith v. Smith, 912 S.W.2d 155, 159 (Tenn. Ct. App.1995); Lancaster v. Lancaster, 671 S.W.2d 501, 503. Butler v. Butler, 680 S.W.2d 467, 470 (Tenn. Ct. App.1984); Gilliam v. Gilliam, 776 S.W.2d 81, 86 (Tenn. Ct. App.1988).

Under the standard stated above, we find that the trial court did not err in awarding periodic alimony to Wife. The court clearly considered the factors set forth in the statute, as well as the case specific facts and circumstances. For this reason, the holding of the trial court is affirmed on this issue.

### III. Attorney's Fees

As a final issue, Husband alleges that the trial court erred in ordering him to pay Wife's attorney's fees as well as the court costs. Husband argues that the court was not justified in making this award. For the following reasons, we find that the trial court did not err in making this award to Wife.

In a divorce case, an award of attorney's fees is considered alimony in solido, and the factors set forth in Tenn. Code Ann. § 36-5-101(d)(1) must again be considered. Houghland v. Houghland, 844 S.W.2d 619, 623 (Tenn. Ct. App.1992). An award of attorney's fees is proper when one spouse is economically disadvantaged and lacks sufficient resources with which to pay attorney's fees. Herrera v. Herrera, 944 S.W.2d 379, 390 (Tenn. Ct. App. 1996); Lancaster v. Lancaster, 671 S.W.2d 501, 503 (Tenn. Ct. App.1984); Thompson v. Thompson, 797 S.W.2d 599 (Tenn. Ct. App.1990). The decision to award attorney's fees is within the sound discretion of the trial court. As such, an award of attorney's fees will not be disturbed upon appeal unless it is against the great weight and preponderance of the evidence. Storey v. Storey, 835 S.W.2d 593, 597-598 (Tenn. Ct. App. 1992) citing Batson v. Batson, 769 S.W.2d 849, 862 (Tenn. Ct. App.1988); Lyon v. Lyon, 765 S.W.2d 759, 762-63 (Tenn. Ct. App.1988).

As indicated previously, we find that the trial judge properly considered the factors set forth in Tenn. Code Ann. § 36-5-101(d). In addition, we find it appropriate to note that Wife did not receive any cash assets in the division of marital property and did not have the apparent ability to pay the attorney's fees. Therefore we find that the evidence does not preponderate against the award of Wife's attorney's fees. The decision of the trial court is affirmed on this issue.

### Conclusion

Based on the foregoing, the judgment of the trial court is hereby affirmed in part, reversed in part, and remanded to the trial court for such further proceedings as necessary. Costs of the appeal are assessed one-half to the appellant, Jerry Benson Bryant, and one-half to the appellee, Katherine

7

Anne Bryant, for which execution may issue if necessary.