IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 3, 2000 Session

## JAMES PATRICK DORTCH, SR. v. EVONNE P. DORTCH

**Appeal from the Circuit Court for Davidson County**
**No. 98D-3460     Muriel Robinson, Judge**

---

**No. M1999-02053-COA-R3-CV - Filed July 17, 2001**

---

This appeal involves a dispute over the division of a marital estate following a seventeen-year marriage. Both parties sought a divorce in the Circuit Court for Davidson County. During a short bench trial, they stipulated that each of them had grounds for divorce but contested the classification, valuation, and division of their separate and marital property. The trial court declared the parties divorced and undertook to divide their marital estate equally. Both parties are dissatisfied with the division of the marital estate. The husband asserts that the trial court made a significant mathematical error in calculating the amount required to equalize the division. For her part, the wife asserts that the trial court misclassified items of separate property as marital property. We have determined that the trial court properly determined that the parties should receive equal shares of the net marital estate. However, we also find that the trial court misclassified a number of items of the wife's separate property and erroneously calculated the amount to be awarded to the wife to equalize the division of the marital estate. Accordingly, we have corrected the errors and affirm the judgment as modified herein.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Modified and Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

D. Scott Parsley, Nashville, Tennessee, for the appellant, James Patrick Dortch, Sr.

Amanda McClendon, Nashville, Tennessee, for the appellee, Evonne P. Dortch.

### OPINION

James Patrick Dortch, Sr. and Evonne Papineau Dortch were married on April 20, 1982. Both had been previously married, and no children were born of the marriage. When they first met, Ms. Dortch was working as a retail store cashier, and Mr. Dortch was working to establish a commercial printing business that he had started in 1978. The parties began cohabiting prior to their marriage, and Ms. Dortch spent a significant amount of time helping Mr. Dortch with his printing

company's bookkeeping. During the marriage, Ms. Dortch participated in every part of Mr. Dortch's business except operating the printing press itself.

On November 10, 1998, after seventeen years of marriage, Mr. Dortch filed suit in the Circuit Court for Davidson County seeking a divorce on the grounds of inappropriate marital conduct and irreconcilable differences. In January 1999, Ms. Dortch counterclaimed for a divorce on the ground of cruel and inhuman treatment. During the July 1999 trial, the parties stipulated that each of them had grounds for a divorce and focused their attention on their disputes over the division of their marital property. In its August 19, 1999 decree, the trial court declared the parties divorced in accordance with Tenn. Code Ann. § 36-4-129(b) (Supp. 2000). The trial court also undertook to award the parties equal shares of their net marital estate, and in doing so, directed Mr. Dortch to pay Ms. Dortch $91,532.50 "to equalize the division of the property." The trial court also ordered Mr. Dortch to pay Ms. Dortch $1,000 in monthly spousal support until her death or remarriage. Both parties filed post-judgment motions which were denied by the trial court. Mr. Dortch perfected this appeal, and Ms. Dortch has raised issues of her own in accordance with Tenn. R. App. P. 13(a).

## I.
### STANDARDS FOR REVIEWING THE DIVISION OF A MARITAL ESTATE

The issues presented by this appeal involve the manner in which the trial court divided the parties' net marital estate. The standards by which appellate courts review decisions involving the division of marital property and debts are well-known. Dividing a marital estate is not necessarily a mechanical process but rather is guided by considering the factors in Tenn. Code Ann. § 36-4-121(c) (Supp. 2000). Trial judges have wide latitude in fashioning an equitable division of marital property, *Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn. 1983); *Brown v. Brown*, 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994), and appellate courts accord great weight to a trial judge's division of marital property. *Wilson v. Moore*, 929 S.W.2d 367, 372 (Tenn. Ct. App. 1996); *Edwards v. Edwards*, 501 S.W.2d 283, 288 (Tenn. Ct. App. 1973). Thus, appellate courts will ordinarily defer to the trial judge's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or is not supported by a preponderance of the evidence. *Brown v. Brown*, 913 S.W.2d at 168; *Mahaffey v. Mahaffey*, 775 S.W.2d 618, 622 (Tenn. Ct. App. 1989); *Hardin v. Hardin*, 689 S.W.2d 152, 154 (Tenn. Ct. App. 1983).

## II.
### THE CLASSIFICATION OF THE PARTIES' PROPERTY

Ms. Dortch asserts that the trial court erred by including approximately $14,700 worth of her separate property in the marital estate. This property included five pieces of jewelry[1] and a $400 Lowry organ that had been given to her as gifts or by inheritance during the marriage. Mr. Dortch

---

[1] The jewelry included a $12,000 diamond and emerald ring, a $900 diamond cluster ring, a $500 gold and diamond watch, a $750 diamond necklace, and a $150 jeweled tennis bracelet.

acknowledged at trial that these items were Ms. Dortch's separate property and specifically laid no claim to them.

An integral part of the process of dividing the property interests of divorcing parties is identification and distribution of the parties' separate property. *Batson v. Batson*, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). Property should not be included in the marital estate unless a party can prove that it is marital property as defined in Tenn. Code Ann. § 36-4-121(b)(1)(A). *Cutsinger v. Cutsinger*, 917 S.W.2d 238, 241 (Tenn. Ct. App. 1995). Separate property cannot, by definition, be included in the marital estate, and Tenn. Code Ann. § 36-4-121(b)(2)(D) provides that property acquired by a spouse during a marriage by "gift, bequest, devise or descent" is separate property. Thus, gifts by one spouse to another that might otherwise be considered marital property should be classified as the recipient spouse's separate property. *Hanover v. Hanover*, 775 S.W.2d 612, 617 (Tenn. Ct. App. 1989); *Batson v. Batson*, 769 S.W.2d at 859.

Based on the undisputed evidence that the five pieces of jewelry and the organ were gifts to Ms. Dortch, the evidence preponderates against the trial court's conclusion that these items were marital property. Accordingly, we modify the judgment to provide that Ms. Dortch receives the five pieces of jewelry and the organ as her separate property. We also reduce the marital personalty from $29,699 to $14,999 to reflect that these items are not part of the marital estate.

### III.
#### THE EQUALIZATION OF THE PARTIES' SHARES OF THE MARITAL ESTATE

Mr. Dortch asserts that the trial court erred by ordering him to pay $91,532.50 to Ms. Dortch to "equalize" the property division. While he does not take issue with the trial court's decision to award each party an equal share to the marital estate, he points out that the trial court overlooked reducing the value of his share of the marital property by $91,532.50 to reflect the "equalization payment" the trial court ordered him to make. As a result of this oversight, Mr. Dortch received approximately 43% of the marital property, while Ms. Dortch received approximately 57%. Ms. Dortch does not take issue with these calculations but rather simply asserts that the trial court's division of the marital estate, even if it was not equal, is equitable.

The trial court was extremely explicit regarding its intentions for the marital property. Based on the evidence it heard, the court determined that the parties should receive equal shares of the marital estate they had accumulated during their seventeen years of marriage. Because the trial court believed that the property awarded to Mr. Dortch was worth substantially more than the property awarded to Ms. Dortch, the trial court eventually determined that Mr. Dortch should pay Ms. Dortch $91,057 to " equalize the marital estate."

We have no basis to second-guess the trial court's decision that the parties should receive equal shares of the marital estate. Ownership of marital property should be presumed to be equal until proven otherwise. *Kelly v. Kelly*, 679 S.W.2d 458, 462 (Tenn. Ct. App. 1984); *Salisbury v. Salisbury*, 657 S.W.2d 761, 770 (Tenn. Ct. App. 1983). On the other hand, a division is not rendered

inequitable simply because it is not precisely equal, *Cohen v. Cohen*, 937 S.W.2d 823, 832 (Tenn. 1996); *Ellis v. Ellis*, 748 S.W.2d 424, 427 (Tenn. 1988), or because each party did not receive a share of every piece of marital property. *Brown v. Brown*, 913 S.W.2d at 168. After reviewing this record, we find no basis for concluding that it would be more equitable to award Ms. Dortch more than one-half of the marital estate.

After correcting for the misclassification of Ms. Dortch's separate property and the trial court's failure to include the parties' individual retirement accounts and marital consumer debt in its calculations, we conclude that the parties' gross marital estate is worth $605,999 and that the parties' marital debts amounted to $186,443. Thus, their net marital estate is worth $419,556.

The trial court divided the marital property and debts in the following manner:

### Marital Assets

| Husband: | Value: | Wife: | Value: |
|---|---|---|---|
| Personalty | $ 2,650 | Personalty | $ 12,349 |
| Commercial Property | 350,000 | Marital Home | 200,000 |
| Business of P D Printing, Inc. | 38,000 | | |
| IRA[2] | 1,000 | IRA | 2,000 |
| | $391,650 | | $214,349 |

### Marital Debts

| | | | |
|---|---|---|---|
| Commercial Property Mortgage | $116,943 | Marital Home Mortgage | $ 59,500 |
| Marital Consumer Debt[3] | 5,000 | Marital Consumer Debt | 5,000 |
| | $121,943 | | $ 64,500 |
| NET VALUE | $269,707 | | $149,849 |

Based on this unadjusted division, Mr. Dortch received 64% of the net marital estate, while Ms. Dortch received 36%. Each party would be entitled to $209,778 worth of property if their net marital estate were divided equally. To accomplish this, the trial court should have required Mr.

---

[2]The court neglected to value Mr. and Ms. Dortch's retirement accounts. These were marital property. The court heard testimony concerning them at trial and allocated possession of them in the court's final divorce decree. However, the trial court did not explicitly value them. Making an explicit valuation finding provides helpful insight into the trial court's reasoning, materially enhances the parties' understanding of the trial court's decision, and helps focus the issues on appeal. *Murray Ohio Mfg. Co. v. Vines*, 498 S.W.2d 897, 901-02 (Tenn. 1973). After reviewing Ms. Dortch's testimony at trial, we value Mr. Dortch's IRA at $1,000 and Ms. Dortch's IRA at $2,000.

[3]The court recognized $10,000 of marital consumer debt and stated in its final decree of divorce that it would "divide" this debt. However, there is no sign of this promised division anywhere else in the record. We assume the court intended this $10,000 marital debt to be split evenly between Mr. and Ms. Dortch.

Dortch to pay Ms. Dortch $59,929. Accordingly, the trial court's September 30, 1999 order directing Mr. Dortch to pay Ms. Dortch $91,057 to "equalize" the division of the marital estate must be reduced to $59,929.

## IV.

We modify the judgment by reducing the amount Mr. Dortch must pay to Ms. Dortch to equalize the division of the marital estate from $91,057 to $59,929. The remainder of the judgment not inconsistent with this opinion is affirmed. We tax one-half of the costs to Mr. Dortch and his surety and one-half of the costs to Ms. Dortch for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE