IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 28, 2001

## ANGELA KAY (GARRARD) PHILLIPS v. WILLIAM STACY PHILLIPS

**Direct Appeal from the General Sessions Court for Hardin County**
**No. 5023; The Honorable Daniel L. Smith, Judge**

_____

**No. W2001-01685-COA-R3-CV - Filed May 2, 2002**

_____

This appeal arises from a divorce proceeding wherein the parties had two minor children. While the divorce was pending, the trial court issued a temporary order outlining the custodial rights of the parties with respect to their children. The final decree of divorce adopted a permanent parenting plan and distributed the marital property and debts. The husband filed this appeal contesting the permanent parenting plan and the manner in which the marital debts were apportioned. For the following reasons, we affirm the decision of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the General Sessions Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Chadwick G. Hunt, Savannah, TN, for Appellant

Stephanie L. Prentis, Savannah, TN, for Appellee

**OPINION**

**I. Facts and Procedural History**

William Stacy Phillips (Husband) and Angela Kay Phillips (Wife) were married on March 6, 1992. Following approximately eight years of marriage and the birth of two children, Wife filed a complaint for divorce on August 22, 2000. Wife alleged inappropriate marital conduct and irreconcilable differences as ground for the divorce. Soon after, on September 7, 2000, Husband filed an answer and counterclaim to Wife's complaint. Husband denied Wife's allegations and insisted that Wife had engaged in inappropriate marital conduct. Husband also alleged irreconcilable differences as grounds for the divorce.

The trial court conducted a hearing on October 5, 2000 to determine temporary custody of the children, temporary spousal support, and temporary possession of the parties' home. Following

the hearing, the court issued a Temporary Order, which in pertinent part, gave the parties joint custody of the two minor children.  In the order, Wife was designated primary custodian of the children and Husband was granted "liberal" visitation.

On May 31, 2001, the trial court issued a Statement of the Case and Permanent Parenting Plan.  The Statement of the Case indicated that the divorce would be granted to Wife based on Husband's inappropriate marital conduct.  It further outlined an equitable division of the parties' marital assets.  Under the court's proposed division, Husband received assets with $21,712.96 of equity and Wife received assets with $20,714.45 of equity.

The Permanent Parenting Plan designated Wife as the primary residential parent of the minor children and set out a visitation plan for Husband.  Under the plan, Husband would have custody of the children every other weekend, various holidays, the first half of the children's spring break, and portions of the summer.   The plan further stated that the parent with whom the children were residing would have control of the day to day decisions regarding the children's care and control.  Finally, the plan set Husband's child support obligations at $450.00 to be paid bi-weekly to the court clerk.

On June 22, 2001, the trial court entered a Final Order in the matter.  The Final Order granted the divorce to Wife and adopted the parenting provisions embodied in the Permanent Parenting Plan.  Husband filed a notice of appeal and this case now stands before this Court for review.

## II.  Issues

Husband has raised two issue, as we perceive them, for our review.  First, Husband asks this Court to decide whether the trial court erred in its decision regarding custody of the children.  Second, Husband asks us to determine whether the trial court erred in dividing the parties' marital debts.

## III.  Standard of Review

When a civil action is heard by a trial judge sitting without a jury, our review of the matter is *de novo* on the record, accompanied by a presumption of correctness of the findings below.  Foster v. Bue, 749 S.W.2d 736, 741 (Tenn. 1988); TENN. R. APP. P. 13(d).  We may not reverse the findings of fact made by the trial judge unless they are contrary to the preponderance of the evidence.  Jahn v. Jahn, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).  This presumption of correctness, however, does not attach to the trial judge's legal determinations or the trial court's conclusions that are based on undisputed facts.  NCNB Nat'l Bank v. Thrailkill, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993).

## IV.  Custody of the Children

In his first issue, Husband argues that the trial court erred by modifying its initial custody order and replacing it with the Permanent Parenting Plan.  Husband argues that for a trial court to modify an initial custody order, the party seeking modification must show that there has been a

material change of the children's circumstances, that the moving party is relatively more fit than the party awarded primary custodial status, and that the proposed modification would be in the child's best interest. Husband asserts that because these requirements have not been met, the trial court erred. For the following reasons, we disagree with Husband's arguments.

In child custody cases, the law is well established that when a decree awarding custody of children has been entered, that decree is res judicata and is conclusive in a subsequent application to change custody unless some new fact has arisen which alters the circumstances in a material way so that the welfare of the child requires a change of custody. Long v. Long, 488 S.W.2d 729 (Tenn. Ct. App.1972). In other words, once the trial court has made an initial determination in a decree with respect to custody, it cannot entertain a subsequent petition to modify custody absent a material change in circumstances. See Massengale v. Massengale, 915 S.W.2d 818, 819 (Tenn. Ct. App.1995).

Husband's argument, as we see it, hinges on his misunderstanding of the trial court's Temporary Order designating temporary custody of the children while the divorce action was pending. For Husband's argument to be valid, Husband would have to show that the Temporary Order was somehow a final decree. This, however, is not the case. Instead, the Temporary Order was, as its name denotes, merely temporary. Only the Final Order, which adopted the Permanent Parenting Plan, should be considered a final decree. Further, section 36-6-406(e) of the Tennessee Code states, "In entering a permanent parenting plan, the court shall not draw any presumptions from the provisions of the temporary parenting plan." TENN. CODE ANN. § 36-6-404(e) (2001). We can hardly see how the Temporary Oder would require the trial court to find a material change of circumstances in order to adopt a new visitation scheme. Accordingly, having thoroughly reviewed the record and all Husband's arguments with respect to this issue, we affirm the decision of the trial court and hold that Husband's arguments are without merit.

## V. Division of Marital Debts

In his second issue, Husband argues that the trial court erred by apportioning an inequitable amount of marital debt to him. The trial court's classification and division of marital property and debt enjoys a presumption of correctness on appeal and will be reversed or modified only if the evidence preponderates against the trial court's decision. Lancaster v. Lancaster, 671 S.W.2d 501, 502 (Tenn. Ct. App. 1984); Hardin v. Hardin, 689 S.W.2d 152, 154 (Tenn. Ct. App. 1983); see also Mahaffey v. Mahaffey, 775 S.W.2d 618, 622-23 (Tenn. Ct. App. 1989) (holding that trial courts have the authority to apportion marital debt in the same manner as the marital estate). Further, as correctly stated by Husband, trial courts are afforded wide discretion in dividing marital property and the debts thereon. Watters v. Watters, 959 S.W.2d 585, 590 (Tenn. Ct. App. 1997). Accordingly, for Husband to prevail on this issue, he must clearly show that the trial court committed an abuse of discretion.

In Curtis v. Curtis, No. 01A01-9508-CV-00385, 1997 Tenn. App. LEXIS 488 (Tenn. Ct. App. July 16, 1997), the Middle Section of this Court provided and excellent synopsis on the division of marital debt. The Curtis court stated:

> The trial court's goal in every divorce case is to divide the parties' marital estate in a just and equitable manner. . . . Marital debts should, where possible, follow their associated assets, <u>Mondelli v. Howard</u>, 780 S.W.2d 769, 773 (Tenn. Ct. App. 1989), and should be apportioned by considering the reason for the debt, the party who benefitted from the debt, and the party better able to assume the debt. <u>Mahaffey v. Mahaffey</u>, 775 S.W.2d at 624. In the final analysis, the justness of a particular division of the marital property and allocation of marital debt depends on its final results. <u>See</u> <u>Thompson v. Thompson</u>, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990).

<u>Curtis</u>, 1997 Tenn. App. LEXIS 488, at *13.

We find this synopsis to be extremely helpful to our analysis of the issue presented in this case. Here, the trial court apportioned $92,216.28 of debt to Husband and only $3,140.01 to Wife. The assets associated with the debt apportioned to Husband, however, were awarded to him as well. When viewing the overall distribution, it is apparent that the value[1] of the marital property awarded to each party was almost identical. Further, Husband appears to be better suited to handle debt than Wife. Under these circumstances, we cannot say that the trial court acted in an inequitable manner or abused its discretion. Accordingly, we affirm the trial court's division of marital property and debt.

## VI. Conclusion

Based on the foregoing conclusions, we hereby affirm the decision of the trial court. Costs on appeal are assessed against Appellant, William Stacy Phillips, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[1] By "value," we simply mean the fair market value of the items minus the debt associated with them.

-4-